631 A.2d 666

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Christina A. SPENCE, Appellee.**

Superior Court of Pennsylvania.

Submitted April 14, 1993.

Filed Sept. 21, 1993.

Bradley K. Hellein, Asst. Dist. Atty., Kittanning, for Com., appellant.

Joseph Caruso, Ford City, for appellee.

Before WIEAND, POPOVICH and HESTER, JJ.

WIEAND, Judge:

In this criminal action, the trial court suppressed evidence obtained by electronic interception and also evidence subsequently seized from the defendant's vehicle. The Common-

wealth appealed. It has certified that the court's suppression of evidence has substantially handicapped the prosecution.[1]

In August, 1990, state police were able to enlist the services of Donald Dentici, a confidential informant, to assist in the investigation of illegal drug activities in Armstrong County.[2] Pursuant thereto, he agreed to permit the interception and recording of telephone conversations with his suppliers. On August 7, 1990, Dentici was interviewed by Deputy Attorney General Eric Noonan, who concluded that Dentici's consent to such interceptions was being given freely and voluntarily. Therefore, Noonan prepared a Memorandum of Approval allowing consensual interceptions of oral/wire conversations involving Dentici and others during the period between noon on August 9, 1990, and noon on August 29, 1990. Dentici also signed a memorandum of consent for the same period. Subsequently, he signed seven (7) additional memoranda of consent for varying periods until April 16, 1991. Several of these were executed in the presence of his lawyer. However, Dentici was not again interviewed by representatives of the Attorney General or the District Attorney, and no determinations were made by those officials that he was continuing to cooperate freely and voluntarily.

On January 21, 1991, during a consensual telephone intercept, Dentici was able to arrange for a purchase of marijuana from Christina A. Spence. She was unsure of the quantity which she could deliver, and Dentici was instructed by her to call back. When he did so, Spence had been unable to contact her source. Therefore, Dentici agreed to call the following day. However, later that evening, at or about 10:30 p.m.,

1. When the Commonwealth has certified that the suppression of evidence substantially handicaps the prosecution, "that certification is not contestable" and "in and of itself precipitates and authorizes the appeal."
   *Commonwealth v. Parrella*, 416 Pa.Super. 131, 136 n. 1, 610 A.2d 1006, 1008 n. 1 (1992), quoting *Commonwealth v. Dugger*, 506 Pa. 537, 545, 486 A.2d 382, 386 (1985).

2. Dentici had previously been arrested for selling drugs illegally and had agreed, in exchange for promises of leniency, to assist in the investigation.

Spence called to say that she could guarantee at least ten pounds. Arrangements were then made for delivery to take place at a McDonald's Restaurant outside of Kittanning on the following day.

At or about 10:30 a.m. on January 22, 1991, Dentici received a call from Spence advising that she was on her way from Toledo, Ohio. She also said that she had ten bushels of apples, which was understood to mean ten pounds of marijuana. Dentici asked that she call again when she was about an hour's driving time away. This conversation was not intercepted but was related by Dentici to State Trooper Jeffrey Rood, who was participating in the investigation. A second unintercepted call was received about 2:00 p.m., when Spence said she was at Butler and driving a white Ford Taurus.

Police thereafter arranged for surveillance at McDonald's. At or about 2:30 p.m., Spence arrived and met Dentici. After a short conversation, Dentici was permitted to examine the contents of the trunk of Spence's vehicle. Both parties then re-entered their vehicles. Spence drove to another portion of the parking lot, and Dentici left, ostensibly to obtain the money to conclude the purchase. In fact, he stopped and told police that the marijuana was in the trunk of the Spence vehicle. When police, with a drug detection canine, approached the Spence vehicle, appellee attempted to leave but was prevented from doing so by police vehicles. She was asked to consent to a search of her vehicle but refused. When the dog was taken to the vehicle, however, it indicated a "hit" at the left rear of the Spence vehicle. The trunk of her vehicle was then opened, revealing numerous baggies of marijuana, and Spence was placed under arrest.

She was thereafter charged with possession of a controlled substance, possession with intent to deliver, possession of drug paraphernalia, and criminal conspiracy. She filed an omnibus pre-trial motion seeking to suppress the contents of her several telephone conversations and the contraband which had been removed from the trunk of her car. The trial court granted the petition and suppressed not only the intercepted telephone conversations but also evidence of unintercepted

telephone conversations and contraband seized in the Mc-Donald's parking lot which, the court determined, had been the product of unlawful telephone interceptions.

■ The focus and purpose of the Wiretapping and Electronic Surveillance Control Act, 18 Pa.C.S. §§ 5701, et seq., is the protection of privacy. *Commonwealth v. DeMarco,* 396 Pa.Super. 357, 371, 578 A.2d 942, 949 (1990). The Act criminalizes the interception of wire and oral communications, and prohibits the use of the contents of any communication derived from such an interception. See: 18 Pa.C.S. § 5703. Excepted, however, are interceptions made for law enforcement purposes, where one party to a wire or oral communication has consented to the interception of that communication. The Act provides, in pertinent part:

### § 5704. Exceptions to prohibition of interception and disclosure of communications

It shall not be unlawful under this chapter for:

. . . .

(2) Any investigative or law enforcement officer or any person acting at the direction or request of an investigative or law enforcement officer to intercept a wire, electronic or oral communication involving suspected criminal activities where:

. . . .

(ii) one of the parties to the communication has given prior consent to such interception. However, no interception under this paragraph shall be made unless the Attorney General or a deputy attorney general designated in writing by the Attorney General, or the district attorney, or an assistant district attorney designated in writing by the district attorney, of the county wherein the interception is to be made, has reviewed the facts and is satisfied that the consent is voluntary and has given prior approval for the interception; however such interception shall be subject to the recording and record keeping requirements of section

5714(a) (relating to recording of intercepted communications) and that the Attorney General, deputy attorney general, district attorney or assistant district attorney authorizing the interception shall be the custodian of recorded evidence obtained therefrom.

18 Pa.C.S. § 5704(2)(ii).[3] See: *Commonwealth v. Brachbill,* 520 Pa. 533, 546–547, 555 A.2d 82, 89 (1989); *Commonwealth v. Parrella,* 416 Pa.Super. 131, 139, 610 A.2d 1006, 1010 (1992).

██ If an interception of a wire or oral communication is made without prior compliance with the Act, evidence obtained as a result of the interception is subject to being suppressed. The Act provides in part as follows:

### § 5721. Suppression of contents of intercepted communication or derivative evidence

(a) **Motion to suppress.**—Any aggrieved person in any trial, hearing, or other adversary proceeding in or before any court or other authority of this Commonwealth may move to suppress the contents of any intercepted wire, electronic or oral communication, or evidence derived therefrom, on any of the following grounds:

(1) The communication was unlawfully intercepted.

18 Pa.C.S. § 5721(a)(1). See also: *Commonwealth v. Parrella, supra* at 139, 610 A.2d at 1010; *Commonwealth v. DeMarco, supra* at 371, 578 A.2d at 948–949.

██ The record shows that on August 7, 1990, Dentici signed a consent form which permitted the interception and recording of his telephone conversations from August 9, 1990 to August 29, 1990. That same day, Deputy Attorney General Eric Noonan, after interviewing Dentici, completed an extensive written memorandum approving the wiretap. When Dentici thereafter signed seven additional consent memoranda for additional periods of time, he was not again interviewed by a deputy attorney general or assistant district attorney, and

---

**3.** The Act also provides that in certain other situations, law enforcement agencies may obtain a court order authorizing the interception of wire or oral communications without the consent of the parties. See: 18 Pa.C.S. § 5708.

there was no determination made that Dentici had consented freely and voluntarily. Although Dentici testified at the suppression hearing that Assistant Attorney General Doug Wright had contacted him prior to his signing of the January 3rd consent, the suppression court found no evidence that Dentici's continuing voluntariness had been discussed. Moreover, there was no evidence that approval, written or otherwise, had been obtained from an appropriate authority for a wiretap during the time period beginning on January 3, 1991 and continuing until appellee's arrest on January 22, 1991. Given these facts, the trial court properly found that the interceptions of Dentici's telephone conversations with the defendant-appellee had not been properly authorized.

In *Commonwealth v. Clark*, 374 Pa.Super. 308, 542 A.2d 1036 (1988), *allocatur denied*, 523 Pa. 635, 565 A.2d 444 (1989), the Superior Court concluded that the Wiretap Act requires that the Attorney General, District Attorney, or a designee of the Attorney General or District Attorney, review the facts and interview an informant each time a new consent is signed in order to determine the voluntariness of that consent. The *Clark* Court wrote:

> The provisions of the Act must be strictly adhered to in order to insure that safeguards are in place to protect persons from unauthorized surreptitious interceptions. Here, the supervision directed by the Act was not followed. The responsibilities outlined in the Act regarding the duties of the Attorney General, District Attorney or their designee are non-deligable [sic]. Those persons responsible for authorizing interceptions under the Act must personally review the facts, ascertain directly from the consenting party the voluntariness of his or her consent and give prior approval to the interceptions. The Assistant District Attorneys' [sic] designated to authorize the interception of Appellant's conversations with Mr. McCullough never performed these prepatory [sic] duties. Rather, these duties were wrongly delegated to and undertaken by the Pennsylvania State Police.

*Id.* 374 Pa.Super. at 317, 542 A.2d at 1040. See also: *Commonwealth v. Adams,* 362 Pa.Super. 549, 556, 524 A.2d 1375, 1378, *allocatur denied,* 516 Pa. 631, 533 A.2d 90 (1987).

▮ Here, too, the duties imposed by the Act were improperly delegated to the State Police conducting the investigation. While it is clear that the State Police had Dentici complete a consent form for the time period in which calls between Dentici and the defendant-appellee were intercepted, it is equally clear that the only intercept approved by the Attorney General was the initial intercept period. This period expired on August 29, 1990. There were no subsequent approvals by the Attorney General's office, and none for the time when the defendant-appellee's calls were intercepted.

Under the holding of *Commonwealth v. Clark, supra,* the Wiretap Act was not followed. The Attorney General could not rely on the State Police to ensure Dentici's continued consent through the signing of consent forms. Therefore, the suppression court did not err when it suppressed the contents of the intercepted calls between Dentici and Spence.

The Commonwealth argues, however, that this issue was decided by the suppression court sua sponte and that it had not been raised previously in the defendant's motion to suppress. The Commonwealth is in error. The defendant's written motion asserted specifically that "[p]rior approval for the interceptions was not given as required by 18 Pa.C.S. § 5704(2)(ii)."

▮ The more difficult issue is whether the suppression court properly suppressed as fruit of the unlawful interceptions evidence of the unintercepted telephone conversations of January 22, 1991 and the surveillance and search of appellee's vehicle which occurred later the same day. The Act, it will be recalled, provides for the suppression not only of the contents of an unlawfully intercepted communication but also the "evidence derived therefrom." 18 Pa.C.S. § 5721(a). Here, all the evidence obtained by police on January 22, 1991 was the result of telephone conversations previously intercepted unlawfully. Indeed, the events of that day had been orchestrat-

ed completely by telephone conversations made by an informant and intercepted by the police. Without the unlawfully intercepted telephone communications, not only would the police not have known of an illegal drug transaction but, in fact, there would have been no such transaction. Therefore, we reject the Commonwealth's argument that the two calls of January 22, 1991 and the subsequent meeting of the principal actors at Kittanning later on the same day were independent of and would have been discovered irrespective of the unlawful interceptions. In short, the evidence obtained by police on January 22, 1991, was so closely connected, perhaps even intertwined, with the unlawful interceptions of earlier telephone conversations, that the suppression court could properly find that it clearly was fruit of the unlawful interceptions.[4]

We take no delight in our decision. It may well be that a guilty purveyor of drugs will escape punishment. It is eminently clear, however, that the procedure prescribed by 18 Pa.C.S. § 5704(2)(ii) was not followed with respect to the interception of telephone conversations in which the defendant-appellee was a party. Therefore, the evidence obtained thereby and derived therefrom must be suppressed. The legislature, in order to preserve individual privacy, has mandated the result which the courts are now called upon to enforce. See: *Commonwealth v. Brachbill,* 520 Pa. 533, 548–549, 555 A.2d 82, 90 (1989).

Order affirmed.

HESTER, J., files a dissenting statement.

HESTER, Judge, dissenting:

I respectfully dissent.

---

4. The parties have not argued and we do not decide whether the warrantless seizure of marijuana from the trunk of appellee's vehicle was otherwise lawful.